**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Fidelity Dominguez, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No.   11 C 3271 |
| | ) | |
| Valentine & Kebartas, Inc., a | ) | |
| Massachusetts corporation, Resurgent | ) | |
| Capital Services, L.P., a Delaware | ) | |
| limited partnership and LVNV Funding, | ) | |
| LLC, a Delaware limited liability | ) | |
| company, | ) | |
| | ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Fidelity Dominguez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.    Plaintiff, Fidelity Dominguez ("Dominguez"), is a citizen of the State of Colorado, from whom Defendants attempted to collect a delinquent consumer debt, which was then allegedly owed to Resurgent Capital Services, despite the fact that she

was represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4.     Defendant, Valentine & Kebartas ("V&K"), is a Massachusetts corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant V&K operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant V&K was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant V&K operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.     Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant V&K operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting

2

as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7.     Defendants Resurgent and LVNV are sister corporations, Defendant LVNV is a bad debt buyer and Defendant Resurgent manages collections of the debts that LVNV buys.  Resurgent is never the owner/creditor of any debt.

8.     Each of the Defendants is authorized to conduct business in Illinois, and maintain registered agents here, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>.  In fact, all of the Defendants conduct business in Illinois.

9.     Moreover, each of the Defendants is licensed as a collection agency in Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>.  In fact, all of the Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10.     Ms. Dominguez has limited assets and income, and fell behind on paying her bills.  At some point in time after one of her debts became delinquent, it was purchased by Defendant LVNV, and when Defendants began trying to collect this debt from Ms. Dominguez, by sending her a collection letter dated July 13, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendants' collection actions.  This collection letter stated that the "Original Creditor" was "RESURGENT CAPITAL SERVICES LP", and three times stated that the matter was about "RESURGENT CAPITAL SERVICES LP" and failed to ever mention LVNV Funding.  A copy of Defendants' letter is attached as Exhibit <u>C</u>.

3

11.     Accordingly, via letters, dated August 27, 2010 and January 4, 2011, one of  Ms. Dominguez's attorneys at LACD informed Defendants, in writing, that Ms. Dominguez was represented by counsel, and directed Defendants to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Dominguez was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt.  Copies of these letters and fax confirmations are attached as Group Exhibit D.

12.     Nonetheless, Defendants' debt collector "Ziggy" called Ms. Dominguez directly, at the end of December 2010 and into January, 2011, from telephone number 800-731-7766, ext. 332, to demand payment of the debt.  The Defendants' debt collector, Ziggy, told Ms. Dominguez that she should make payment arrangements directly with the Defendants and not through her attorneys at LACD.

13.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications**

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to

cease communications.  See, 15 U.S.C. § 1692c(c).

17.    Here, the letters (Group Exhibit D) from Ms. Dominguez's, agent, LACD, told Defendants to cease communications with Ms. Dominguez.  By continuing to communicate regarding this debt with Mr. Dominguez, and demanding payment from her, Defendants violated § 1692c(c) of the FDCPA.

18.    Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

19.    Plaintiff adopts and realleges ¶¶ 1-14.

20.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.    Defendants knew that Ms. Dominguez was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendants, in writing (Group Exhibit D), that she was represented by counsel, and had directed Defendants to cease directly communicating with her.  By directly calling Ms. Dominguez, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22.    Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Current Creditor**

23.     Plaintiff adopts and realleges ¶¶ 1-14.

24.     Section 1692g of the FDCPA requires that, within 5 days of Defendants'
first communication to a consumer, they had to provide Ms. Dominguez with an effective
validation notice, containing, among other disclosures, "(2) the name of the creditor to
whom the debt is owed;" <u>see</u>, 15 U.S.C. § 1692g(a)(2).

25.     Defendants' form collection letter violates § 1692g(2) of the FDCPA
because it failed to identify Defendant LVNV as the name of the current creditor to
whom the debt was owed.

26.     Defendants' violation of § 1692g of the FDCPA renders them liable for
statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692e Of The FDCPA --**
**Making False Statements**

27.     Plaintiff adopts and realleges ¶¶ 1-14.

28.     Section 1692e of the FDCPA prohibits Defendants from making any false,
deceptive or misleading statements in connection with the collection of any debt, <u>see</u>,
15 U.S.C. § 1692e.

29.     Defendants' form collection letter's statement that the original creditor was
"RESURGENT CAPITAL SERVICES LP, when, in fact it was never the creditor, is a
false, deceptive or misleading statement that violated § 1692e of the FDCPA.

30.     Defendants' violation of § 1692e of the FDCPA renders them liable for
statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

6

## PRAYER FOR RELIEF

Plaintiff, Fidelity Dominguez prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Dominguez, and against Defendants,

for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a)

of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Fidelity Dominguez, demands trial by jury.

Fidelity Dominguez,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  May 16, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com